

COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS

| | | |
|---|---|---|
| RILEY LEANDREW BROWN, | § | No.08-20-00112-CR |
| Appellant, | § | Appeal from the |
| v. | § | 104th District Court |
| THE STATE OF TEXAS, | § | of Taylor County, Texas |
| Appellee. | § | (TC#21464B) |

## MEMORANDUM OPINION

Riley Leandrew Brown ("Brown") entered an open plea of guilty to possession of cocaine in an amount of one gram or more, but less than four grams, a third-degree felony. *See* TEX.HEALTH & SAFETY CODE ANN. §§ 481.102(3)(D), 481.115(c). Brown also pleaded "true" to an enhancement paragraph alleging Brown was previously convicted of a felony for family violence assault, which increased his punishment range from a third degree to second-degree felony. *See* TEX.PENAL CODE ANN. § 12.42(a). After considering the contents of a presentence investigation report and hearing evidence on punishment, the trial court sentenced Brown to twelve years' of confinement.

At the sentencing hearing, Brown expressed his desire to appeal the court's sentence. The trial court appointed appellate counsel, but the attorney failed to file a timely notice of appeal.

Brown filed an application for writ of habeas corpus in the county of his conviction alleging he was denied his right to an appeal through no fault of his own and sought leave to file an out-of-time appeal. The application was forwarded by the court clerk to the Texas Court of Criminal Appeals, which granted Brown relief. *See Ex Parte Brown*, No. WR-90,461-01, 2020 WL 913292 (Tex.Crim.App. Feb. 26, 2020). The trial court appointed new appellate counsel who timely filed this appeal on Brown's behalf.

However, Brown's new court-appointed counsel has filed a brief in which she concludes there exists no meritorious issue to appeal. The brief meets the requirements of *Anders v. California*, 386 U.S. 738 (1967) by presenting a professional evaluation of the record demonstrating why, in effect, there are no arguable grounds to be advanced. *See In re Schulman*, 252 S.W.3d 403, 406 n.9 (Tex.Crim.App. 2008)("In Texas, an *Anders* brief need not specifically advance 'arguable' points of error if counsel finds none, but it must provide record references to the facts and procedural history and set out pertinent legal authorities."); *High v. State*, 573 S.W.2d 807 (Tex.Crim.App. 1978).

In her brief, filed on July 1, 2020, counsel notified the Court that she has delivered to Brown a copy of counsel's brief and the motion to withdraw, and she has advised Brown of his right to review the record, file a *pro se* brief, and to seek discretionary review. *Kelly v. State*, 436 S.W.3d 313, 318-20 (Tex.Crim.App. 2014)(setting forth duties of counsel). Counsel also explained, in compliance with *Kelly,* she provided Brown with a *pro se* motion seeking access to his appellate records in the event Brown decided to file a *pro se* brief. Brown has filed neither the motion seeking access to his appellate records nor a *pro se* brief in this Court.

After carefully reviewing the record and counsel's brief, we conclude that the appeal is

wholly frivolous and without merit. Further, we find nothing in the record that might arguably support the appeal. The judgment of the trial court is affirmed.

January 8, 2021

YVONNE T. RODRIGUEZ, Chief Justice

Before Rodriguez, C.J., Palafox, and Alley, JJ.

(Do Not Publish)